UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

JUDGE PETER J. WALSH

824 MARKET STREET
WILMINGTON, DE 19801
(302) 252-2925

July 17, 2013

Jesse N. Silverman
DILWORTH PAXSON LLP
One Customs House - Suite 500
704 King Street
P.O. Box 1031
Wilmington, DE 19801

Maura Fay McIlvain
DILWORTH PAXSON LLP
1500 Market Street
Suite 3500E
Philadelphia, PA 19102

Counsel for Plaintiff

Gregory W. Werkheiser
Matthew B. Harvey
MORRIS, NICHOLS, ARSHT &
TUNNELL, LLP
1201 N. Market Street
18th Floor
P.O. Box 1347
Wilmington, DE 19899-1347

John F. Hartmann, P.C.
Michael A. Duffy
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654

Attorneys for Sun Capital
Partners, Inc., Sun Indalex, LLC,
Sun Indalex Finance, LLC,
Sun Capital Partners III QP, LP,
Sun Capital Partners IV, LP, and
Sun Capital Partners Management
III, LP

Elizabeth A. Sloan
Victoria Guilfoyle
BLANK ROME, LLP
Chase Manhattan Centre
1201 Market Street
Suite 800
Wilmington, DE 19801

Larry K. Elliott
David F. Russey
COHEN & GRIGSBY, P.C.
625 Liberty Avenue
Pittsburgh, PA 15226

Attorneys for Defendants
Stubbs, Lawlor, Krouse,
Leder, Alger, Terry, Liff,
McElwee, Kreilein, Skillen,
Gillen, Finnigan, Nelson,
Talarico, Indalex Co-
Investment, LLC, and HIG
Sun Partners, Inc.

2

**Re: George L. Miller, Chapter 7 Trustee v. Sun Capital Partners, Inc., et al.**
   **Adv. Proc. No. 10-52279(PJW)**

Dear Counsel:

This brief letter is with respect to Defendants' motion for summary judgment. (Doc. # 117.)

I have never addressed a summary judgment motion involving such a large volume of documents. The Michael A. Duffy Declaration identifies 126 documents. The documents are set forth in six large loose leaf binders which I believe I can safely say encompasses thousands of pages. The memorandum in support of the motion contains 217 footnote references.

I do not recall ever granting summary judgment where, as here, the outcome is heavily dependent on dueling experts.

In any event, I am hereby identifying certain significant shortcomings in the motion for summary judgment.

The motion suggests that the FTI valuation is a straight forward document of convincing proof. In his memorandum of law in opposition to Defendants' motion in limine (Doc. # 126), with respect to the FTI report Plaintiff points out that there is considerable confusion regarding who and how the projections were developed and made a part of the FTI report. Specifically, Plaintiff points out that at a minimum there is confusion as to the development of the projections for the FTI report. Indeed, Debtors' counsel Jeremy Liss's June 1, 2007 e-mail concludes with

this statement: "I do think however there has been a <u>great deal of confusion</u> over what we are asking and that confusion has resulted in our problems finalizing the opinion." (Plaintiff's Ex. 38, emphasis added.)  In my view, that confusion still exists in the record and the motion for summary judgment does not resolve it.  In further support of what I view as a muddled record in this case, I point to Plaintiff's Ex. 34.  That e-mail exchange starts with a May 31, 2007 e-mail from Kevin Schultz of FTI to other members of FTI team stating: "Please find attached a final report including exhibits."  At 8:38 p.m. on May 31, 2007 Mike Alger sent an e-mail to Steven Liff stating: "Shall I launch the distribution process?"  Within one minute of that communication, Steven Liff says: "No, we have issues with the opinion!".

Many of the documents contain technical jargon that I do not understand.  For example, Plaintiff's Ex. 31 is an e-mail from an FTI person to other FTI persons regarding the first draft.  A knowledgeable witness, presumably Dominic Santos, will have to walk me through this document at the trial so I have a better understanding of the development of FTI's final report.

With respect to the alleged preferential transfers, I agree with Defendants that "affirmative defenses may be raised at any time, even after trial, so long as the plaintiff suffers no prejudice." (<u>Sharp v. Johnson</u>, 669 F.3d 144, 158 (3rd Cir. 2012).  However, the record before me does not address the issue of whether

4

Plaintiff will suffer prejudice by raising this affirmative defense.

With respect to the management fees paid by Indalex to a Sun entity, in its motion for summary judgment, Defendants cite a laundry list of services that Sun provided to Indalex. Plaintiff responds to this by pointing to a deposition where the deponent in response to a question: "Does that entity have any employees?" His response was "I don't know that it does." I have no idea what weight to accord to this because I have no idea as to who Roger Krause is and his relationship with Indalex and Sun. Plaintiff has the burden of proof in showing that the management services provided by Sun were not commensurate with the $11 million of fees that were paid by Indalex. In re Fruehauf Trailer Corp., 444 F.3d 203 (3rd Cir. 2006). I just do not believe that this type of issue can be effectively addressed in a motion for summary judgment. I believe that one day of testimony on this issue could establish a sufficient record for me to decide the issue.

The balance of the counts in the complaint (i.e., recharacterization of debt, equitable subordination, duty of care, breach of duty of loyalty) involve a confluence of numerous documents and conduct that are best addressed in an evidentiary hearing.

If discovery has been completed, I suggest that we have a status conference at which we can discuss the contents of a

5

pretrial order and establish a trial date.  I assume that the paper work can be significantly reduced by a pretrial order that, at a minimum, has a comprehensive listing of "agreed" facts.  Furthermore, I suggest that we bifurcate the trial.  The first part would be with respect to the dividend and the second part would be with respect to the other counts of the complaint.

      Please contact my courtroom deputy so that we can have a conference to discuss a pretrial order and schedule trial dates.

Very truly yours,

*/s/ Peter J. Walsh*

Peter J. Walsh

PJW:ipm