**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

JUDGE PETER J. WALSH                                                             824 MARKET STREET
                                                                                 WILMINGTON, DE 19801
                                                                                     (302) 252-2925

October 4, 2013

Jesse N. Silverman
DILWORTH PAXSON LLP
One Customs House - Suite 500
704 King Street
P.O. Box 1031
Wilmington, DE 19801

Maura Fay McIlvain
DILWORTH PAXSON LLP
1500 Market Street
Suite 3500E
Philadelphia, PA 19102

Counsel for Plaintiff

Gregory W. Werkheiser
Matthew B. Harvey
MORRIS, NICHOLS, ARSHT &
TUNNELL, LLP
1201 N. Market Street
18th Floor
P.O. Box 1347
Wilmington, DE 19899-1347

John F. Hartmann, P.C.
Michael A. Duffy
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654

Attorneys for Sun Capital
Partners, Inc., Sun Indalex, LLC,
Sun Indalex Finance, LLC,
Sun Capital Partners III QP, LP,
Sun Capital Partners IV, LP, and
Sun Capital Partners Management
III, LP

Elizabeth A. Sloan
Victoria Guilfoyle
BLANK ROME, LLP
Chase Manhattan Centre
1201 Market Street
Suite 800
Wilmington, DE 19801

Larry K. Elliott
David F. Russey
COHEN & GRIGSBY, P.C.
625 Liberty Avenue
Pittsburgh, PA 15226

Attorneys for Defendants
Stubbs, Lawlor, Krouse,
Leder, Alger, Terry, Liff,
McElwee, Kreilein, Skillen,
Gillen, Finnigan, Nelson,
Talarico, Indalex Co-
Investment, LLC, and HIG
Sun Partners, Inc.

**Re:  George L. Miller v. Sun Capital Partners, Inc., et al.
      Adv. Proc. No. 10-52279**

Dear Counsel:

This letter is with respect to the position statements filed by the parties (Doc. # 217, 218 and 219).

In his reply, Trustee states that "the appropriate next step is for Plaintiff to renew the Motion to Withdraw the Reference." (Doc. # 219, p.1 n.1).  I agree.

In denying the motion to withdraw the reference, Judge Andrews premised his conclusion on the fact that motions in limine and the motion for summary judgment were pending before this Court.  Of course, on June 26, 2013 I ruled on the motions in limine (Doc. # 206) and I denied the summary judgment motion on July 17, 2013 (Doc. # 207).

Trustee argues that for all issues in equity that rely on the same transaction, or same set of facts as the legal claims, those triable by a jury should be decided first.  There is clearly support for that argument.  In Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962, the Court held that 1) a district judge had erred in refusing to grant a jury trial for the factual issues relating to breach of contract and 2) since the factual issues on the legal claims were common to the issues underlying the equitable claims, "the legal claims involved in the action must be determined prior to any final court determination of [the] equitable claims."  369 U.S. at 479, 82 S.Ct. 894.  In re

3

Hassan, 376 B.R. 1, 12-13 (Bankr. D. Kan. 2007) ("where a legal claim and an equitable claim that are asserted in the same case have a factual issue in common, the legal claim must be tried to a jury before the equitable claim is decided so that principles of former adjudication will not bar the jury from deciding the issue."); 9 Wright & Miller, Fed. Prac. & Pro. Civ. 3d, § 2302.1 ("The sequence of the trial must be so arranged that any issues common to both the legal and equitable claims are tried to the jury before the court decides the equitable aspects of the action without the jury.").

According to Defendants, "discovery has been closed for almost a year." (Doc. # 218, p. 10).

If the District Court Judge agrees that a finding by a jury must precede any finding by a judge, it would appear that this adversary proceeding is ripe for the District Court to withdraw the reference.  But, of course, that is for the District Court to decide.

Very truly yours,

Peter J. Walsh

PJW:ipm